IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NELSON F. ROMERO,

      Plaintiff(s),

  vs.                                     CIVIL NO.04-847 WDS/RHS

ALLIED SYSTEMS, et. al.,

      Defendant(s).

**MEMORANDUM OPINION AND ORDER**

      This matter comes before the Court on Defendants' Motion for Summary Judgment (Docket No. 15). Plaintiff, in his response, stipulated to a dismissal of all claims against Defendant Byford. The correct name for Defendant Byford is apparently Susan Parker. Despite notice from Defendants as to the error in her name, the caption was never amended to name Ms. Parker. Plaintiff's complaint alleges three claims against the remaining Defendant, his former employer, Allied Systems Auto Transport and unnamed management officials. The correct name for Allied Systems Auto Transport is apparently Allied Systems, Ltd (Allied). Despite notice that he had incorrectly identified this Defendant, Plaintiff has not moved to amend the caption. Allied Systems, Ltd. and Ms. Parker make this motion.

      Plaintiff worked for many years for Allied as a driver. He was a member of the Teamsters union, as are all Allied drivers. There is a collective bargaining agreement which governs the employment relationship between Plaintiff and Allied and it provides that an employee can be terminated only for cause. After receiving a complaint from a customer about the actions of

Plaintiff, Allied placed Plaintiff on disciplinary layoff. Plaintiff pursued a grievance with the union against Allied. After failing to resolve the matter at the local level a hearing was set before an arbitration committee as provided in the collective bargaining agreement. In March 2001, just prior to that arbitration, Plaintiff, with his Teamsters' representative present, agreed to settle the matter with Allied. In exchange for a payment of money from Allied, Plaintiff agreed to retire from Allied. The money was paid and Plaintiff retired. In March 2004 this lawsuit was filed.

Plaintiff claims a breach of contract, a breach of the implied covenant of good faith and fair dealing, and retaliatory discharge. It is undisputed that there was a contract between Plaintiff and Allied, the collective bargaining agreement. Since Plaintiff was not an employee at will, he cannot sue for retaliatory discharge. *McDonald Corrections Corp. of Am., 181 F. Supp. 2d 1274 (D.N.M. 2002).* This motion will be granted as to this claim.

The contract claims asserted by Plaintiff appear to have been premised on a breach of the collective bargaining agreement. Section 301 of the Labor Management Relations Act, 29 U.S.C. Sec. 185 preempts state law claims which are based upon a collective bargaining agreement. Plaintiff conceded in his deposition, that the basis for his contract claims was the collective bargaining agreement between Allied and the Teamsters. In his response to the motion for summary judgement, Plaintiff attempts to expand the scope of the contract claims, arguing that promises were made at a meeting which occurred after his layoff. Plaintiff is unclear to what meeting he is referring, or when this meeting occurred, but he argues that the result was a contract to give him certain work if available. Whether Plaintiff is making reference to the first local meeting under the grievance procedures or the meeting before the arbitration which resulted in settlement, it is clear from the testimony presented on behalf of Plaintiff that the conversation was inextricably intertwined with activities taking place under the grievance procedures of the

collective bargaining agreement.  No matter what was said, it is undisputed that Plaintiff subsequently settled his dispute immediately before the arbitration hearing which Plaintiff requested under the grievance procedures of the collective bargaining agreement.  As a result of the settlement Allied paid Plaintiff the amount agreed upon and Plaintiff retired as promised.   All contract claims were preempted by these actions on the part of the Plaintiff under the collective bargaining agreement.  Defendants' motion will be granted as to all contract claims.

    IT IS THEREFORE ORDERED  that Defendants' Motion for Summary Judgment (Docket No. 15) is granted.  All claims against Susan Byford or Susan Parker are dismissed with prejudice.  All claims against Defendant Allied Systems Auto Transport and Allied Systems, Ltd., are also dismissed with prejudice.

 

**W. DANIEL SCHNEIDER**
**United States Magistrate Judge**